DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| IVY GAUTIER-JAMES, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Civil Action No. 2006-106 |
| HOVENSA, L.L.C., ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**Attorneys:**
**Lee Rohn, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiff*

**Sunshine S. Benoit, Esq.,**
St. Croix, U.S.V.I.
  *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff's "Motion For Leave to File Motion For Reconsideration of Court's September 27, 2011 Order and Memorandum Opinion Nunc Pro Tunc," which was filed on December 12, 2011. (Dkt. No. 243). Defendant filed its opposition to Plaintiff's Motion on December 15, 2011, in which it also moved to strike the accompanying Motion for Reconsideration. (Dkt. No. 248). Plaintiff filed a reply memorandum on December 29, 2011. (Dkt. No. 249).

By her Motion, Plaintiff seeks leave – forty-eight (48) days *after* an already extended deadline has passed – to file a Motion for Reconsideration of an Order by this Court which excluded six of her witnesses on the grounds that they were disclosed several months after the

respective deadlines. For the reasons discussed below, the Court denies Plaintiff's Motion for Leave to File and grants Defendant's motion to strike Plaintiff's Motion for Reconsideration.

## I. BACKGROUND

On September 27, 2011, this Court granted several motions by Defendant to exclude three of Plaintiff's expert witnesses and three of Plaintiff's fact witnesses under Federal Rule of Civil Procedure 37 on the grounds that they were disclosed five to seven months after the respective deadlines. *See Gautier-James v. Hovensa, L.L.C*., 2011 WL 4500153, at *1 (D.V.I. Sep. 27, 2011). The Court concluded that Plaintiff's untimely disclosures reflected a "flagrant disregard" for the Court's Scheduling Orders. *Id*. at 5.[1]

On October 11, 2011, Plaintiff filed a "Motion to Enlarge Time and File Motion to Reconsider Court's Memorandum Opinion and Order," seeking a fourteen (14) day extension of time within which to file her Motion for Reconsideration of the Court's September 27, 2011 Memorandum Opinion and Order on the grounds that Plaintiff's counsel was busy with other cases. (Dkt. No. 234). On October 14, 2011, the Court granted Plaintiff's request for an extension and ordered that Plaintiff would have until October 25, 2011, to file her Motion for Reconsideration. (Dkt. No. 235). The Court cautioned, however, that it would "look with disfavor on any further requests for extensions of time to file a motion for reconsideration." *Id*. Despite receiving the extension and notwithstanding the Court's cautionary language, Plaintiff did not file her Motion for Reconsideration by the October 25, 2011 deadline.

---

[1] The Court also found that Plaintiff acted in bad faith; that she could have disclosed the untimely expert and fact witnesses much earlier than she did; that much of the information disclosed by Plaintiff's experts was largely duplicative of earlier expert witnesses; and that Defendant would be prejudiced by the untimely disclosures. *Id*. at 6-9.

On October 27, 2011, Plaintiff and Defendant filed a joint motion seeking an extension of the expert deposition deadline from October 31, 2011 to February 28, 2012. (Dkt. No. 236). At the December 7, 2011 hearing on the joint motion, the Court inquired of the parties regarding the status of remaining discovery, and was informed that all fact discovery had been completed and only three experts remained to be deposed. At no time during the litigation of the motion – either in the motion itself or at the subsequent hearing – was there any mention of the possibility of additional fact and expert witnesses resulting from a motion for reconsideration to be filed by Plaintiff. On December 13, 2011, the Court granted the joint motion to extend the expert deposition deadline. (Dkt. No. 245).

On December 12, 2011, forty-eight (48) days after the extended October 25, 2011 deadline and sixty-two (62) days after the date that her Motion for Reconsideration was originally due, Plaintiff filed the instant Motion For Leave to File Motion For Reconsideration of Court's September 27, 2011 Order and Memorandum Opinion Nunc Pro Tunc, and her Motion for Reconsideration. (Dkt. Nos. 243 and 244). On December 15, 2011, Defendant filed an opposition to Plaintiff's Motion For Leave and moved to strike Plaintiff's Motion For Reconsideration. (Dkt. No. 248). Plaintiff filed a reply memorandum on December 29, 2011. (Dkt. No. 249).

## II. DISCUSSION

In the wake of (1) an Order by this Court excluding six of Plaintiff's witnesses because of untimely disclosures ranging from five to seven months, (2) a finding by this Court that Plaintiff had flagrantly disregarded the Court's Scheduling Orders, (3) a two-week extension of time within which to file a motion to reconsider the Court's Order excluding the witnesses, and

3

(4) cautionary language in the Court's Order granting the extension that the Court would look with disfavor on further requests for extension of time to file the motion for reconsideration, Plaintiff finds herself before this Court with yet another series of untimely actions.  Over 1-1/2 months after an already extended deadline has passed, Plaintiff now seeks to file the delayed Motion for Reconsideration, claiming "excusable neglect" for her post-deadline filing.

### A. Plaintiff's Explanation for the Delay

In the instant Motion for Leave to File, Plaintiff explains that, on November 3, 2011, her counsel discovered that "Plaintiff's Motion for Reconsideration had inadvertently not been filed on October 25, 2011 as scheduled because a glitch in counsel's computer-based task management system indicated erroneously that the document had been finalized, processed and filed." (Dkt. No. 243 at 1-2).  Plaintiff further explains that her counsel then immediately began drafting a second motion requesting additional time which "was to have advised the Court" that counsel had been off-island for a week for family medical reasons and then for a deposition in an unrelated matter, and had not returned until October 31, 2011. *Id.* Plaintiff continues: "Unfortunately, however, that motion seeking additional time and requesting leave to file Plaintiff's motion out of time was never filed" because the same "system glitch . . . occurred again . . . resulting in a miscommunication between the Legal Assistant and Staff Attorney charged with finalizing and filing the motion ...." *Id.*  Plaintiff concludes her proffered reasons for the delay by explaining that the "fact that these motions had not been filed only recently came to light when Plaintiff's counsel began to prepare for a case management conference and hearing." *Id.*

### B. Applicable Legal Principles

Federal Rule of Civil Procedure 6(b)(1)(B) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."[2] In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court articulated four "excusable neglect" factors: "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[3] The "excusable neglect" inquiry is broad and "determining whether

---

[2] Plaintiff and Defendant disagree as to whether the applicable legal standard is "good cause" or "excusable neglect." Defendant advocates the former, citing Local Rule of Civil Procedure 7.3, which provides that extensions to file motions for reconsideration "will only be granted for good cause shown." However, because Plaintiff seeks to file the Motion for Reconsideration "after the time has expired," the Court finds that "excusable neglect" under Fed. R. Civ. P 6(b)(1)(B) must be established *See Drippe v. Tobelinski*, 604 F.3d 778, 784-85 (3d Cir. 2010) ("Rule 6(b) and [*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990)] require motions, untimely under the Rules, to be filed in accordance with the requirements of Rule 6(b)(1)(B). Thus a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion."). In any event, whether the analysis is approached from a "good cause" or an "excusable neglect" perspective, the result here is the same.

[3] Prior to *Pioneer*, the Third Circuit considered other factors including "whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court . . . counsel's failure to provide for a readily foreseeable consequence" and whether the delay was caused by a "complete lack of diligence." *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988). Those factors "present a more specific application of the general considerations later announced by the Supreme Court in *Pioneer* . . . [T]he *Dominic* factors that were not restated in *Pioneer* were instead subsumed in the more general consideration of 'reason for the delay.'" *In re Orthopedic Bone Screw Prods. Liab. Litig.,* 246 F.3d 315, 323 (3d Cir. 2001).

neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999) (quoting *Pioneer*, 507 U.S. at 395). The moving party carries the burden of demonstrating excusable neglect. *Glasgow v. Veolia Water North America Operating Servs. LLC*, 2011 WL 3471963, *3 (D.V.I. Aug. 5, 2011) (citing 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1165 at 621–22 (3d ed. 2011)).

    **C.**    **Analysis**

Plaintiff's explanation for why her Motion for Reconsideration was not timely filed weighs against a finding of excusable neglect. First, in its October 15, 2011 Order, the Court stated that it would look with disfavor on any further requests by Plaintiff for an extension of time to file her Motion for Reconsideration. Yet, Plaintiff acknowledges that even after discovering on November 3, 2011, that the Motion for Reconsideration had not been timely filed, Plaintiff was not then prepared to file the Motion. (*See* Dkt No. 243 at 2 ("Having discovered the glitch, Plaintiff's counsel immediately set about preparing a Motion for Leave to file its Motion for Reconsideration *Nunc Pro Tunc* in which Plaintiff *also sought to request additional time to file Plaintiff's motion*.") (emphasis added)); *Id*. ("Unfortunately, however, that motion *seeking additional time* and requesting leave to file Plaintiff's Motion out of time was never filed . . . .") (emphasis added). Plaintiff offers no reason why the fourteen-day extension of the original deadline, together with the initial fourteen-day response period, was not sufficient time within which to draft and finalize her Motion for Reconsideration, such that Plaintiff would have been prepared to submit the Motion immediately upon learning on November 3, 2011, that it had

not been filed. Instead, inexplicably, Plaintiff apparently intended to file another request for an extension of time.[4]

Second, although one "system glitch" that is promptly rectified might, under appropriate circumstances, be excusable, it is reasonable to expect that one "glitch" would put counsel on notice such that appropriate steps would be taken to ensure that the "glitch" did not recur. Here, however, the same "glitch" occurred a second time, and in short succession. *See Baldauf v. Hyatt*, 2008 WL 961572, at *1 (D. Colo. Apr. 8, 2008) (no excusable neglect where same

---

[4] In her reply memorandum, Plaintiff takes the position that her Motion for Reconsideration "was indeed timely drafted, but [her counsel] was falsely notified by the firm's electronic filing system that it had indeed been filed." (Pl.'s Reply Memo. at 2-3). To the extent that Plaintiff is claiming that her motion was ready to be filed as of October, 25, 2011, this contention appears inconsistent with the position taken by Plaintiff in her opening memorandum. If the Motion for Reconsideration was "timely drafted" *and* finalized as of October 25, 2011, Plaintiff should have been able to seek leave to file the motion *nunc pro tunc* upon discovering on November 3, 2011 that it had not been filed, without also needing to request "additional time." Similarly, if the motion was ready to be filed on October 25, 2011, Plaintiff should have been able to file it shortly after her counsel rediscovered, prior to the December 7, 2011 hearing, that it had not been filed. Instead, Plaintiff waited until December 12, 2011 (five days after the hearing) to file the Motion for Reconsideration.

Moreover, Plaintiff has not provided any declarations from her counsel or her counsel's staff substantiating any of the facts surrounding the delay in filing the Motion for Reconsideration, including any evidence to support that it had been "timely drafted" and finalized by October 25, 2011. *See Dominic,* 841 F.2d at 517 (in assessing excusable neglect, courts should consider "whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court"); *Home Ins. Co. v. Law Offices of Jonathan Deyoung, P.C.*, 156 F. Supp. 2d 488, 491 (E.D. Pa. 2001) ("Defendant Hoisington's statements of fact are recited in her motion but are not supported by affidavit. This failure to support her factual averments by affidavit is sufficient to find that defendant Hoisington has failed to satisfy her burden of showing good cause or excusable neglect." (citing *Radich v. Goode*, 886 F.2d 1391, 1396 (3d Cir. 1989))).

In any event, even if the Court were to assume that Plaintiff's Motion for Reconsideration was ready to be filed as of October 25, 2011, this would not change the result here in view of the other reasons for the Court's decision.

"computer glitch" occurred twice in six-month period).   Plaintiff fails to explain what steps were taken to prevent recurrence of the "glitch", why such steps failed, and what prevented counsel from ensuring that the motion was in fact filed.  *See In re Diet Drugs Products Liability Litig.*, 92 Fed. Appx. 890, 894 (3d Cir. 2004) (under the reason for delay factor, "a court should consider whether counsel did all [s]he reasonably could to comply with the court-ordered ... date.") (citing *Pioneer*, 507 U.S. at 396.). Simply adding that the second "system glitch" resulted in a miscommunication between office staff is insufficient to make out a case of excusable neglect. *See Glasgow,* 2011 WL 3471963, *3 (miscommunication between plaintiff's counsel and office staff "weighs against a finding of excusable neglect"); *Banco Popular de P.R. v. Frett*, 2010 WL 4942172 (D.V.I. Nov. 30, 2010) (holding plaintiff's "clerical error and/or oversight" not excusable neglect); *Thyroff v. Nationwide Mut. Ins. Co.*, 2004 WL 1529246, at *2 (W.D.N.Y. July 1, 2004) ("Lack of communication between counsel is an insufficient basis for excusable neglect."); *N. Salvatore Contracting Inc. v. M & M Stone Contracting Co.*, 1988 WL 73311, at *2 (D.N.J. July 11, 1988) (failure to timely serve complaint due to "[u]nexplained delinquency on the part of the process server coupled with *a lack of counsel's oversight*" not excusable neglect) (emphasis added).  Accordingly, the Court concludes that no justifiable reason was offered for the extended delay and that the delay "was within the reasonable control of the movant."  *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d at 125.

Third, as acknowledged by Plaintiff in the instant Motion, her counsel learned – for the second time – that Plaintiff's Motion for Reconsideration had not been filed while "prepar[ing] for a case management conference and hearing." (*See* Dkt No. 243 at 2-3). That hearing took place on December 7, 2011.  Thus, Plaintiff's counsel was aware that Plaintiff had not filed her Motion for Reconsideration *prior* to the December 7, 2011 case management conference and

hearing in this case, yet said or did nothing about it until five days after the hearing. This omission is of particular significance in view of the direct bearing of Plaintiff's Motion on the discovery and case management issues that were central to the December 7th hearing. Again, however, Plaintiff offers no explanation for her counsel's silence. Plaintiff's failure to file anything when she first learned about the "system glitch" in early November 2011, her inexplicable silence regarding her impending Motion for Reconsideration at the December 7, 2011 case management conference and hearing, and her delay in filing the instant motion until five days *after* the December 7, 2011 hearing demonstrate a continuing lack of diligence regarding Court ordered deadlines. *See Dominic,* 841 F.2d at 517.

Fourth, the length of delay and potential impact on the judicial proceedings weigh against a finding of excusable neglect. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d at 125. Plaintiff's Motion for Reconsideration is forty-eight (48) days late – a significant delay in this context – and comes after the Court has already heard the parties' latest of ten requests to amend the Court's Scheduling Orders. Yet another possible reworking of the discovery and expert deadlines at this late stage – after discovery has been allowed for over fifty months; the period of factual discovery has expired and the parties have acknowledged that factual discovery is completed; the period for expert depositions is scheduled to expire on February 28, 2012; and ten amendments to the Court's Scheduling Order already have taken place – will adversely affect this Court's case management schedule. As expressed in this Court's September 27, 2011 Memorandum Opinion and Order in this case, "[a]t some point, discovery must end so that the parties can determine the total universe of facts and evidence relevant to a case in order to prepare for trial." *Gautier-James*, 2011 WL 4500153, at *9. In addition, at some point, the penchant for repeated requests for extension of time grounded in one excuse after another must be brought to a halt in

9

order for the Court to move and manage its docket. Allowing Plaintiff to file her Motion for Reconsideration almost seven weeks late without an acceptable excuse will prolong what is already protracted litigation.

Plaintiff argues that this Court's holding in *Glasgow,* 2011 WL 3471963, supports a finding of excusable neglect. In *Glasgow*, the plaintiff filed his amended complaint *six* days after the Court ordered deadline and moved for an extension of time *nunc pro tunc*, citing a "miscommunication" between his counsel and her staff. *Glasgow*, 2011 WL 3471963 at *1. In a "close call," the Court found that Plaintiff had made a showing of excusable neglect, because there was only a six-day delay and no discernible prejudice to defendant; plaintiff had acted diligently in correcting the error once discovered; and plaintiff's case would be effectively dismissed if relief was not granted. *Id*. at *3-4. Here, in contrast, there is a forty-eight (48) day delay; Plaintiff was not diligent in fixing the error once discovered; and the Court's judicial proceedings would be prejudiced by granting the requested relief. *Glasgow* itself was a "close call," unlike here where the *Pioneer* factors weigh heavily against the Plaintiff and thus fall outside the realm of excusable neglect.

Finally, although Defendant has not demonstrated that it will suffer prejudice if Plaintiff is allowed to file her untimely Motion for Reconsideration, lack of prejudice to the non-moving party is not a dispositive factor, especially where, as here, the other *Pioneer* factors weigh heavily against a finding of excusable neglect.[5] *Dimmitt v. Ockenfels*, 407 F.3d 21, 25 (1st Cir.

---

[5] Defendant claims that it is prejudiced by the delay in that it "will have to spend additional time and money traveling to the States to depose these additional experts should the Court grant the untimely motion to reconsider . . . [and] because Plaintiff will have had the opportunity to depose its expert prior to Plaintiff's experts to allow them to "fix" any problems or errors in their opinions or reports." (Dkt. No. 248 at 4). Neither of these contentions amount to the sort of prejudice contemplated by Rule 6(b)(1)(B). That Defendant might have to depose the excluded

2005) (affirming district court's finding of no excusable neglect when plaintiff failed to timely file counterstatement of material facts in support of his opposition to motion for summary judgment even though defendants were not prejudiced by the delay); *see Kohl's Department Stores, Inc. v. Levco-Route 46 Associates, L.P.*, 121 Fed. Appx. 971, 975 (3d Cir. 2005) (unpublished) (recognizing no prejudice to non-moving party but affirming district court's finding of no excusable neglect "because under the totality of the circumstances Kohl's' neglect in seeking to reopen its case remains inexcusable."). Accordingly, the absence of prejudice to the Defendant does not alter the Court's conclusion that Plaintiff has failed to demonstrate excusable neglect.

### III. CONCLUSION

Plaintiff has failed to meet her burden of demonstrating excusable neglect so as to permit the filing of her Motion for Reconsideration forty-eight (48) days after the deadline. Accordingly, for the foregoing reasons, it is hereby

---

experts should the Court reverse its ruling stems from the Motion for Reconsideration, not the forty-eight (48) day delay that is the subject of this motion. Prejudice in the "excusable neglect" context has to do with the prejudice that arises from the delay associated with the untimely filing, "not merely the loss of an advantageous position." *In re O'Brien Envtl. Energy, Inc*., 188 F.3d at 127.

Further, while the Court's Scheduling Orders consistently provided that Plaintiff was required to *disclose* its experts and their reports before Defendant (*see Gautier-James,* 2011 WL 4500153, at *1 ("Each of these scheduling orders set a date for the close of factual discovery and separate deadlines for the parties' expert disclosures, Plaintiff's deadline always being about a month before Defendant's deadline.")), they do not similarly impose an order for *deposing* expert witnesses. Thus, at this point, Defendant cannot claim prejudice arising from the order in which experts are deposed.

**ORDERED** that Plaintiff's Motion For Leave to File Motion For Reconsideration of Court's September 27, 2011 Order and Memorandum Opinion Nunc Pro Tunc (Dkt. No. 243) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Nunc Pro Tunc Motion for Reconsideration of the Court's September 27, 2011 Order and Memorandum Opinion and Plaintiff's Incorporated Memorandum of Law in Support Thereof (Dkt. No. 244) is **STRICKEN** from the docket.

**SO ORDERED.**

Date: January 13, 2012 _____/s/_____
WILMA A. LEWIS
District Judge