DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

IVY GAUTIER-JAMES,                      )
                                        )
            Plaintiff,                  )
     v.                                 )
                                        )        Civil Action No. 2006-106
HOVENSA, L.L.C.,                        )
                                        )
            Defendant.                  )
_____)

**Attorneys:**
**Lee Rohn, Esq.,**
St. Croix, USVI
    *For the Plaintiff*

**Sunshine S. Benoit, Esq.,**
St. Croix, USVI
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Ivy Gautier-James' "Motion to Compel Deposition of James McClusky, M.D., PHD, MPH and for an Extension of the Expert Deposition Deadline to Take Said Deposition," which was filed on February 28, 2012. (Dkt. No. 262).[1] Defendant Hovensa filed an Opposition on March 7, 2012 (Dkt. No. 263), and Plaintiff filed a reply on March 20, 2012. (Dkt. No. 266). For the reasons that follow, the Court will deny Plaintiff's Motion.

---

[1] "McCluskey" is the correct spelling of Dr. McCluskey's last name.

I.  **BACKGROUND**

On August 30, 2011, the Magistrate Judge amended the Scheduling Order in this case and extended the expert deposition deadline to October 31, 2011.  (Dkt. No. 226).  On October 27, 2011, Plaintiff and Defendant filed a joint motion seeking an extension of the expert deposition deadline from October 31, 2011, to February 28, 2012.  (Dkt. No. 236).  In that Motion, the parties represented that they "ha[d] set aside the weeks of January 23 and 30, 2012, for the depositions and [we]re attempting to schedule their experts within that period." *Id.* at 1.  At the December 7, 2011 hearing on the joint motion, the parties stated that they needed the additional time to depose three experts—Dr. Caren Goldberg, Dr. Robert Buynak, and Dr. James McCluskey.  On December 13, 2011, the Court amended the Scheduling Order and, among other things, extended the expert deposition deadline to February 28, 2012, as requested by the parties.  (Dkt. No. 245).

On or about January 27, 2012, the parties scheduled Dr. McCluskey's deposition for March 3, 2012.  (Dkt. No. 263-3).[2]  However, on or about February 14, 2012, Defendant's counsel learned that Plaintiff wished to move Dr. McCluskey's deposition to a later date, and, on February 14, 2012, sent an email to Plaintiff's counsel informing her that "I have no other available time in March for his deposition, however let me know."  (Dkt. No. 262-1 at 12).  On February 16, 2012, Plaintiff's counsel confirmed that she "had to reschedule the deposition of Dr. McClusky" and asked whether he was available on the week of March 26, 2012.  (Dkt. No. 263-4).  Defendant's counsel responded that she was not available that week.  (Dkt. No. 262-1).

---

[2]  Defendant states that March 3, 2012, was selected by Plaintiff.  (Dkt. No. 263 at 2). Plaintiff does not refute this contention.  (*See* Dkt. No. 266 at 1).

On February 23, 2012, Plaintiff's counsel changed her mind and indicated that she wished to depose Dr. McCluskey on the previously scheduled date of March 3, 2012. (Dkt. No. 263-5). However, after his deposition had been cancelled on February 16, 2012, Dr. McCluskey had scheduled another commitment for March 3, 2012, and was no longer available on that date. (Dkt. No. 263-6 at 2). After further communications and an inability to find mutually acceptable dates for Dr. McCluskey's deposition, on February 27, 2012, Defendant's counsel informed Plaintiff's counsel that "our next mutually available date is April, which you will need to seek permission from the Court as I previously indicated. I am not doing depositions in this matter in April absent a court order." (Dkt. No. 262-1 at 4).

## II.  ANALYSIS

In the instant Motion, Plaintiff seeks an extension of the expert deposition deadline to allow for the otherwise untimely deposition of Dr. McCluskey and an order compelling the deposition of Dr. McCluskey. The grounds for the requested relief are that "Dr. McClusky's deposition was originally agreed to be taken March 3, 2012, but *due to circumstances beyond Plaintiff's counsel's control,* Plaintiff was forced to seek alternative dates from Defendant and Dr. McClusky." (Dkt. No. 262 at 1) (emphasis added). In its Opposition, however, Defendant contends that the reason the deposition was cancelled was "so Plaintiff's counsel could see a friend that was coming to the island and not due to any emergency or other circumstance beyond her control." (Dkt. No. 263 at 1). Plaintiff acknowledges this in her reply brief:

> It is true that Counsel agreed to depose Dr. McClusky on Saturday March 3, 2012. On or about February 16, 2012, however, the undersigned learned that her former college roommate, **whom she had not seen in approximately 30 years**, was going to be in St. Croix for three (3) days. Learning that, the undersigned tried to re-schedule Dr. McClusky's deposition. Although Counsel for the Defendant indicated that she would try and do so, in reality, she did not.

3

(Dkt. No. 266 at 1-2) (emphasis in original). Plaintiff also faults Defendant's counsel for not making a "good faith effort to find dates in March for Dr. McClusky's deposition" and suggests that another attorney from counsel's firm should have been made available to allow for the deposition to go forward sometime in March 2012. *Id*. at 3.

To modify a scheduling order, a party must demonstrate "good cause." Fed. R. Civ. P. 16(b)(4). "The rationale for the 'good cause' requirement for modification of a court's scheduling order is that scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Darrah v. Virgin Islands ex rel. Juan F. Luis Hosp.*, 2011 WL 6181352, at *3 (D.V.I. Dec. 13 2011) (citations omitted). The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). "To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension." *Darrah*, 2011 WL 6181352, at *3 (quoting *Bell v. Lockheed Martin Corp.*, 2011 WL 1467365, at *4 (D.N.J. Apr. 18, 2011)).

In the scheduling order context, Courts have defined "good cause" to include "circumstances beyond the control" of a party. *See, e.g., Partners Coffee Co., LLC v. Oceana Servs. and Prods. Co.*, 2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); *Kirkwood v. Inca Metal Prods. Corp.*, 2008 WL 245941, at *2 (N.D. Tex. Jan. 30, 2008); *see also Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) (in the context of extending time to seek certiorari from the Supreme Court "unforeseen or uncontrollable events (e.g., a death in the family, illness, or active engagement at trial) lie at the heart of the "good cause" requirement for additional time to seek certiorari.").

Here, however, the facts offered by Plaintiff in support of her request to again extend the expert deposition deadline do not demonstrate diligence, and can hardly be considered the type of "circumstances beyond Plaintiff's counsel's control" that would warrant the relief requested.[3] To the contrary, Plaintiff's counsel cancelled Dr. McCluskey's March 3, 2012 deposition—which was already scheduled for a date outside the February 28, 2012 expert deposition deadline—to *accommodate a visit from her college roommate,* not because of a medical or family emergency or other similarly compelling event beyond the control of Plaintiff's counsel. Further, Plaintiff's counsel cancelled the deposition notwithstanding that she had been informed by Defendant's counsel that the deposition could not be rescheduled for any other time in March. (Docket No. 262-1 at 12). To find "good cause" under these circumstances would essentially negate the requirement that litigants comply with deadlines contained in the Court's Scheduling Orders. *Darrah*, 2011 WL 6181352, at *3.

Plaintiff argues that Defendant's alleged lack of good faith in rescheduling Dr. McCluskey's deposition justifies an extension of the expert deposition deadline. However, the expert deposition deadline expired on February 28, 2012, while Plaintiff sought dates in *March* for the deposition. Plaintiff has cited no rule which requires that Defendant agree to schedule a deposition beyond the deadline contained in the Court's Scheduling Order, undoubtedly because no such rule exists. Nor will the Court facilitate this type of unsanctioned modification of its Scheduling Order by imposing such a rule, or by otherwise aiding Plaintiff's cause in

---

[3] Notably, Plaintiff did not explain that the "circumstances beyond Plaintiff's counsel's control . . . forc[ing] [Plaintiff] to seek alternative dates from Defendant and Dr. McClusky" was that her counsel's personal friend was coming to visit St. Croix during the time scheduled for McCluskey's deposition until *after* Defendant raised the issue in its opposition brief. Plaintiff's position that such circumstances constitute "circumstances beyond [the] control" of her counsel is undermined by her belated revelation of this critical fact.

circumventing the deadline set forth in the Court's Order.[4]  Accordingly, the Court concludes that Plaintiff has failed to demonstrate "good cause" to modify the Court's Scheduling Order under the circumstances here, and no basis therefore exists to compel the deposition of Dr. McCluskey after the expiration of the February 28, 2011 deadline for expert depositions.

### III.    CONCLUSION

Plaintiff has failed to meet her burden of demonstrating "good cause" to modify the December 13, 2011 Scheduling Order for purposes of compelling the deposition of James McCluskey after the expired February 28, 2012 expert deposition deadline.  Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's "Motion to Compel Deposition of James McClusky, M.D., PHD, MPH and for an Extension of the Expert Deposition Deadline to Take Said Deposition," (Dkt. No. 262) is **DENIED**.

**SO ORDERED.**

Date: May 16, 2012                                          _____/s/_____
                                                                      WILMA A. LEWIS
                                                                      District Judge

---

[4]  Plaintiff also argues that the deposition could have been rescheduled for sometime in March if Defendant's counsel had made another member of her firm available.  Again, there is no such requirement to make arrangements to accommodate a deposition after the deadline based on a party's unilateral request to do so, and the Court will not impose one.  Indeed, as argued by Defendant, Plaintiff's counsel could have done the same and made arrangements to have another attorney take Dr. McCluskey's deposition on March 3, 2012, as scheduled.  Instead, Plaintiff's counsel chose to cancel the deposition.