IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| IVY GAUTIER-JAMES, | |
| Plaintiff, | CIVIL NO. 2006/0106 |
| v. | ACTION FOR DAMAGES |
| HOVENSA, L.L.C., | |
| Defendants. | |

## HOVENSA L.L.C.'s TRIAL BRIEF

COMES NOW Defendant, HOVENSA, L.L.C. ("HOVENSA"), through undersigned counsel, and pursuant to LRCi 16.1(c), hereby submits its trial brief[1] based on the following legal issues in this matter:

Plaintiff's First Amended Complaint alleges violations of Title VII 42 U.S.C. § 2000e, *et seq.*; the Virgin Islands Civil Rights Statutes at 24 V.I.C. §451, *et seq.* and 10 V.I.C. §1-10 and §64, *et seq.*; intentional or alternatively negligent infliction of emotional distress; intentional injury; and punitive damages. HOVENSA will discuss each of these legal theories, *infra.*

**I.    Plaintiff Cannot Prove Sexual Harassment Pursuant to Title VII.**

    **A.    Plaintiff Cannot Demonstrate a Necessary Element of her Claim for Sexual Harassment, the She was Subject to an Adverse Employment Action.**

Plaintiff alleges sexual harassment and retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.* To prove her claim for sexual harassment, Plaintiff must demonstrate (1) that she engaged in an activity protected by Title VII, (2) HOVENSA

---

[1] On May 14, 2012, this Court ordered the parties to submit a Trial Brief. Doc. #331. Although this matter has been continued (Doc. #357), the Court did not continue this deadline. This Trial Brief is therefore submitted in compliance with the Court's prior ruling, but HOVENSA will be happy to modify their submission at the Court's request prior to trial or after rulings on pending motions have been entered.

contemporaneously with the protected activity, subjected Plaintiff to an adverse employment action against her, and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1299 (3d Cir. 1997) (citations omitted).

To establish that a tangible employment action has occurred, Ms. Gautier-James must demonstrate that there has been a significant change in her employment status, such as "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Industries, Inc. v. Ellereth,* 524 U.S. 742, 761 (1998); *see also Durham Life Ins. Co. v. Evans,* 166 F.3d 139, 152-53 (3d Cir. 1999). A tangible employment action generally inflicts direct economic harm and requires an official company act. *Ellereth,* 524 U.S. at 762. The Third Circuit defines an adverse employment action as an action by an employer that is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001); and *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997)).

In the instant matter, Plaintiff cannot provide any evidence that she suffered economic harm caused by an official act of HOVENSA and HOVENSA took no action whatsoever to alter her compensation, terms, conditions, or privileges of employment. Plaintiff testified under oath at her deposition that while employed at HOVENSA she was never the subject of a tangible employment action and was never disciplined, demoted, denied a promotion, or given a bad review. Since HOVENSA never subjected Plaintiff to a tangible employment action, she will be

2

unable to prove sexual harassment by HOVENSA at trial.

> **B. The *Faragher* Affirmative Defense Prevents Plaintiff's Recovery at Trial in this Matter.**

HOVENSA will prove, at trial, the affirmative defense articulated by the Supreme Court in *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). HOVENSA will prove that it took no tangible employment action against Plaintiff and it (1) exercised reasonable care to prevent and correct and alleged sexually harassing behavior and (2) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid harm. *Id.*; *Burlington Industries, Inc. v. Ellereth,* 524 U.S. 742, 765 (1998); *Hurley v. Atlantic City Police Dep't,* 174 F.3d 95, 118 (3d Cir. 1999).

To establish that HOVENSA has exercised reasonable care, the evidence at trial will establish that it have an effective mechanism for reporting and resolving complaints of sexual harassment which is available to the employee without undue risk or expense. *Faragher*, 524 U.S. at 807; *see also Burlington,* 524 U.S. at 765. At the time of Plaintiff's employment, HOVENSA maintained an employee manual which contained its anti-harassment and reporting procedures which it distributed to its employees, including Plaintiff. HOVENSA's anti-harassment policy requests employees *to immediately report* all instances of harassment to allow HOVENSA to immediately investigate the matter and correct any problems. HOVENSA procedures contain several reporting procedures including reporting any perceived harassment to their supervisors, the Manager of Employee Relations, the Vice President of Amerada Hess, or by calling HOVENSA's 1-800 reporting hotline.

Although Plaintiff alleges she was harassed from July 2005 through November 2005, she failed to report her alleged harassment to HOVENSA until November 17, 2005. After Plaintiff

3

reported her alleged harassment on November 17, 2005, HOVENSA promptly began an investigation, which included interviewing all witnesses, Plaintiff, and the alleged harasser. HOVENSA determined that the alleged harasser had a clean disciplinary record. Plaintiff initially failed to cooperate with the investigation by providing the names of witnesses, which delayed the investigation for eighteen days.

HOVENSA's investigation determined that only one of Plaintiff's claims of sexual harassment could be corroborated. Mr. Haynes, the alleged harasser, was issued a verbal warning on December 20, 2005 and on December 21, 2005, HOVENSA also required him to attend a Harassment Free Work Seminar. After Plaintiff reported the harassment in November 2005, she testified under oath that any harassing behavior by Mr. Haynes stopped. Therefore, since HOVENSA had an effective mechanism for reporting allegations of sexual harassment and because HOVENSA promptly investigated Plaintiff's allegations, which resolved the situation effectively, HOVENSA can satisfy the first prong of the *Faragher* test.

Second, to establish an affirmative defense under *Faragher*, it must be shown that if plaintiff failed unreasonably to take advantage of the employer's reporting procedures, then they cannot recover damages for what could have been avoided and "if damages could have been mitigated no award against an employer should reward a plaintiff for what her own efforts could have avoided." *Faragher*, 524 U.S. at 807; *see e.g., Burlington,* 524 U.S. at 765. An alleged victim has a duty to "use such means as are reasonable under the circumstances to avoid or minimize [their] damages." *Ford Motor Co. v. EEOC,* 458 U.S. 219, 231 (1982). A plaintiff's delay in reporting may support a finding that an employee failed to take advantage of safeguards. *See Cardenas v. Massey,* 269 F.3d 251, 267 (3d Cir. 2001).

4

As noted *supra*, HOVENSA had a written anti-harassment and reporting policy which provide numerous outlets to report instances of harassment quickly and effectively for which Plaintiff failed to take advantage. Plaintiff acknowledged under oath that despite the alleged harassment beginning in July 2005, she failed to report the harassment to HOVENSA until November 17, 2005, despite her acknowledging receiving HOVENSA's reporting policies. Plaintiff had a duty to utilize HOVENSA's reporting procedures if she suspected that she was the victim of sexual harassment to mitigate her damages. If Plaintiff had reported any perceived harassment in July 2005 when she first alleges it began, then any future harassment could have been prevented as it had stopped after her report in November 2005. Plaintiff's delay in reporting any alleged harassment supports a finding that she failed to take advantage of HOVENSA's safeguards to mitigate her damages, satisfying the second prong of the *Faragher* test.

Due to HOVENSA's anti-harassment policy and reporting procedures, coupled with its immediate correction of the alleged harassment in this matter, and Plaintiff's failure to take reasonable advantage of these procedures, Plaintiff will not be able to prove her claim at trial pursuant to Title VII.

### C. Plaintiff will be Unable to Prove that she was the Subject of Severe and Pervasive Harassment.

To prove sexual harassment, Plaintiff must establish that HOVENSA's actions were so severe or pervasive that it changes the conditions of employment and creates an abusive environment. *Weston v. Pennsylvania*, 251 F.3d 420, 425-26 (3d Cir. 2001), *citing Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986). In *Tomoko Funayama v. Nichia Am. Corp.*, 2012 U.S. App. LEXIS 9912, 3-4 (3d Cir. May 17, 2012) (unpublished), the Third Circuit concluded

5

that Plaintiff failed to show that she suffered severe and pervasive harassment while alleging the following actions on behalf of the president of her company:

> [he] made sexual advances towards her outside the office in 1999, suggested they share a room on a business trip in 2001, gave her a sexually explicit book in 2003 and a sexually explicit magazine in 2007, and made a comment about her body in 2008. Funayama also stated that Kuboniwa asked to go to her apartment for a drink many times from 1999 until 2003, when on the advice of a human resources employee, she clearly declined an invitation. Funayama further testified that Kuboniwa had touched her on the back and side of her body during the period from 2003 to 2008.

In the case of *Weiss v.Coca-Cola Bottling Co. of Chicago,* 990 F.2d 333, 337 (7th Cir. 1993), the plaintiff's supervisor repeatedly asked the plaintiff about her personal life, called her a dumb blonde, placed a hand on her shoulder at least six times, asked her out, placed "I love you" signs in her work area, and tried to kiss her once in a bar and twice at work. The Seventh Circuit held that this conduct was insufficient to establish a hostile work environment because though pervasive, the conduct was not severe. *Id.*

In the instant matter, Plaintiff reported five alleged acts of harassment for which only one could be corroborated:

1. An incident at the end of July 2005, Plaintiff alleged that while walking in a small hallway in the Area 4 Control Room (next to the time clock), Mr. Haynes, the alleged harasser blocked her movement in the small hallway.

2. In October 2005, Plaintiff alleged she was sitting at the permit table in the Area 4 Control Room when Mr. Haynes allegedly massaged her shoulder.

3. In October 2005, Plaintiff was sitting at the permit table and Mr. Haynes allegedly pulled on her ponytail.

4. At the end of October or early November 2005, Mr. Haynes allegedly grabbed her on the side of her waist.

5. In November 2005, Plaintiff reported for work in her street clothes and Mr. Haynes allegedly indicated that she should have let him see her before changing into her nomex.

Based upon the above case law, the above actions, to the extent any of them actually occurred, are not severe and pervasive enough to establish liability.

## II. Plaintiff has No Private Cause of Action Pursuant to 24 V.I.C. §451, *et seq.* or 10 V.I.C. §1-10 and §64, *et seq*.

### A. 24 V.I.C. §451, *et seq.*

Plaintiff alleges violations of 24 V.I.C. §451, *et seq.* and 10 V.I.C. §1-10 and §64, *et seq*. Courts in the Virgin Islands have generally held that Title 24 does not provide a private cause of action for employment discrimination. *Miller v. V.I. Hous. Auth.*, 2005 U.S. Dist. LEXIS 11146, at *14-16, 46 V.I. 623 (D.V.I. 2005) *overruling Ramos v. St. Croix Alumina, L.L.C.*, 277 F. Supp. 2d 600 (D.V.I. 2003); *Haase v. Gov't of the V.I.*, 2009 U.S. Dist. LEXIS 107445, at *18-19 (D.V.I. Nov. 17, 2009).

24 V.I.C. §451 prohibits discrimination by employers based upon race, sex, age, religion color or ancestry and sets forth a mechanism for employees to file a complaint with the Department of Labor. *Hazell v. Exec. Airlines*, 886 F. Supp. 526 (D.V.I. 1995). Only the Department of Labor that has the right to petition the Court to enforce one of its final orders. *Id.* at 527. The employee's only right of action is limited to filing a writ of review of a Department of Labor's final order. *Id.* at 526-27.

Likewise, Section 451a of Title 24 only provides a private cause of action to an employee who is retaliated against for reporting (or "about to report") a claim of employment

7

discrimination "to a public body." 24 V.I.C. §451a; *see also Glasgow v. Veolia Water N. Am., Operating Services, LLC*, 2010 U.S. Dist. LEXIS 99570, 24-25 (D.V.I. 2010). Since HOVENSA is not a public body, Plaintiff's claim has no merit.

### B. 10 V.I.C. §1-10 and §64, *et seq*.

The law is also clear in this jurisdiction that Section 64 does not authorize a private cause of action. *See Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 178-79, 41 V.I. 502 (3d Cir. 1999); *Glasgow v. Veolia Water N. Am., Operating Services, LLC*, 2010 U.S. Dist. LEXIS 99570 (D.V.I. 2010); *Warner v. Kmart Corp.*, 2009 U.S. Dist. LEXIS 44502, at *40 (D.V.I. 2009); *Miller v. V.I. Hous. Auth.*, 2005 U.S. Dist. LEXIS 11146, at *14-16, 46 V.I. 623 (D.V.I. 2005). Further, in *Speaks v. Gov't of the V.I.*, 2009 U.S. Dist. LEXIS 3565 (D.V.I. Jan. 14, 2009), Judge Bartle found no private right of action. *See also, Haase v. Gov't of the Virgin Islands*, 2009 U.S. Dist. LEXIS 107445 (D.V.I. Nov. 17, 2009) (Judge Savage holding there was no private right of action).

### III. The Virgin Islands Worker's Compensation Act Bars Plaintiff's Claims for Personal Injuries and Plaintiff will be Unable to Prove at Trial that Her Injuries were the Result of Retaliation.

#### A. Plaintiff's Claims for Injuries are Barred.

The Virgin Islands Workers' Compensation Act ("WCA") is designed to provide prompt payment of benefits to workers without regard to fault, and to relieve employers and employees of the burdens of civil litigation. *Chinnery v. Gov't of the V.I.*, 865 F.2d 68, 71 (3d Cir. 1989). To accomplish these goals, the WCA utilizes a no fault system of limited recovery to redress claims and prohibits employees from suing their employers. *See id*. The WCA provides that

> When an employer is insured under this chapter, **the right herein established to obtain compensation shall be the only remedy against**

8

**the employer**

24 V.I.C. §284(a) (2006) [emphasis added].

The courts of the Virgin Islands have interpreted the requirements of 252(a) in an "extremely broad" manner. *Chinnery*, 865 F.2d at 71 (internal citation omitted). Thus, an "injury arises *out of* the employment if it arises out of the nature, conditions, obligations, or incidents of the employment." *Id*. (internal citation omitted).

It is undisputed that Plaintiff was a HOVENSA employee and her alleged injury arose out of and in the course of her employment. Therefore, Plaintiff's sole remedy against her employer is under the WCA, and her employer, HOVENSA is not liable at common law. *Chinnery v. Gov't of the V.I.*, 865 F.2d 68, 71 (3d Cir. 1989); 24 V.I.C. §284(a).

Plaintiff will undoubtedly argue, at trial, that the WCA compensation bar does not immunize an employer who "made the conscious decision" to perpetuate a dangerous workplace in which injuries are substantially certain to result. This argument was previously addressed in *Ferris v. V.I. Industrial Gases, Inc.* 23 V.I. 183 (Terr. Ct. 1987). In that case, the court recognized a limited exception to the compensation bar where "an employer ... inflict[s] 'genuine intentional injury' upon [an] employee," but noted that "[t]o fit within this narrow exception, the putative plaintiff must allege that the employer committed the tortious act <u>with an actual, specific and deliberate intention to injure him</u>." *Ferris*, 23 V.I. at 188 [emphasis added]; *Eddy v. V.I. Water & Power Auth.,* 369 F.3d 277, 233 (3d Cir. 2004) ("the intentional tort exception to the exclusivity remedy provision of the WCA is limited to situations in which the employer had an actual, specific and deliberate intention to cause injury").

Plaintiff alleges that HOVENSA acted intentionally to harm Plaintiff, but the evidence in

this matter will prove that HOVENSA's actions were not done with a "specific purpose to harm" Plaintiff. In the instant matter, Plaintiff alleges exposure to H2S, which allegedly occurred on December 3, 2005, after her personal monitor alarmed while she was monitoring the draining of a pump. However, Plaintiff testified that when she moved upwind, out of the area, her personal monitor stopped alarming. In addition, there were no other reports of any other personal monitors or area monitors activating that evening in the area in which Plaintiff was working or any other reports of exposure despite the presence of numerous other employees and independent contractors in the area at the time of her alleged exposure.

HOVENSA has adopted Procedure 5390 (a/k/a 31-0094) which provides that all HOVENSA employees must wear a personal H2S monitor. If an employee's personal monitor alarms, then they are required to leave the area and not to reenter unless they are wearing a self-contained breathing apparatus ("SCBA") or the H2S release has been repaired by employees wearing an SCBA. It is a violation of HOVENSA procedure to remain in the area without proper protection. Plaintiff received training in Procedure 5390 on November 2, 2005 and testified under oath that she is aware that she is to leave the area immediately and not reenter without wearing an SCBA.

In the immediate area where Plaintiff was working on the date of her alleged injury, there were two cabinets which contain SCBAs in addition to additional cabinets on the unit and in the control room. HOVENSA's SCBA cabinets are never locked, were not locked in December 2005, and in fact are impossible to lock. Plaintiff was aware of the procedure to follow when her H2S monitor alarmed and should have left the area or obtained one of the numerous SCBAs available to her. It was Plaintiff's responsibility to ensure that she had the proper protective

10

equipment on at all times and she had the option to refuse to enter the area if the proper equipment was not available.

By providing easily accessible protective equipment and training, HOVENSA had no "actual, specific and deliberate intent to injure" her. *Ferris*, 23 V.I. at 188. It was Plaintiff who by failing to take advantage of the necessary and required safety equipment, caused her own injuries. Had she followed the procedure for which she was trained, she would not have sustained any injury. Plaintiff can present no set of facts at trial to show that HOVENSA acted with intent to cause her injuries.

Moreover, any attempt by Plaintiff to somehow re-classify the alleged actions of the Defendants in this case as an intentional tort would be impossible, because, as was recognized in *Ferris*, "the actual injury remains accidental in character even where the corporate employer knowingly permitted a hazardous work condition to exist, willfully failed to provide a safe place to work or intentionally violated a safety statute." 23 V.I. at 189.

The Virgin Islands Supreme Court dismissed a claim under similar circumstances in *Robles v. HOVENSA, L.L.C.,* 49 V.I. 491, 492-93 (Sup. Ct. 2008). Karim Robles sued HOVENSA, L.L.C. for injuries he sustained while working at the refinery when he was allegedly exposed to H2S gas over an extended period of time. *Id.* at 492. Plaintiff claimed that he was "consciously and knowingly" exposed to toxic gases on a daily basis, and that Defendant "purposely and intentionally failed to require necessary safety equipment." *Id.* at 493. In spite of these allegations, the Virgin Islands Supreme Court affirmed the trial court's dismissal of Robles's claim as barred by the WCA. In doing so, the concluding that "[o]ur review of the complaint reveals only conclusory allegations that HOVENSA's alleged acts of negligence were

committed with intent to injury Robles. The complaint does not present enough underlying factual matter to suggest that HOVENSA had an actual, specific, and deliberate intention to injure him." *Id.* at 501-02.

### B. Plaintiff's Alleged Exposure was Due to Her Own Negligence and not any Retaliation on the Part of HOVENSA.

Plaintiff alleges exposure to H2S fumes on December 5, 2005, which she alleges constitutes retaliation on the part of HOVENSA. HOVENSA would note that, at trial, Plaintiff can provide no evidence that anyone working on the same shift with Plaintiff was even aware that she had reported sexual harassment. In fact, Mr. Granger, Plaintiff's supervisor, testified that he was not aware of Plaintiff's report of sexual harassment until after the date of her alleged exposure. There is also no evidence that anyone intentionally attempted to harm her.

Plaintiff alleges that on December 5, 2005, her personal H2S monitor alarmed while she was in the process of monitoring the draining of a pump. All persons present that evening denied seeing any H2S monitors alarm that evening. As noted *supra,* Plaintiff could have prevented this accident by following the HOVENSA procedure in which she was trained and wearing the appropriate PPE which was in her area at the time of her exposure in unlocked cabinets. If Plaintiff's personal H2S monitor was in fact alarming, she voluntarily and in direct violation of HOVENSA procedure opted to stay in the area without the proper safety equipment which was easily accessible to her in unlocked cabinets.

Plaintiff was also not assigned the job of monitoring the draining in retaliation for her report of sexual harassment. Plaintiff was the operator assigned to 3 Vac on that evening, Mr. Liburd was assigned to 6 DD, Mr. Branch 7DD, and Mr. Granger was the supervisor, so it was her sole responsibility to monitor the draining because it was occurring in her assigned area.

HOVENSA procedure requires personnel to monitor draining in case there is a problem such as a backed up sewer as was the case here. Plaintiff was only assigned the task because it was part of her job responsibilities, not because anyone was retaliating against her. Plaintiff was not assigned less desirable work, she was assigned the work for which she alone was responsible.

### IV. HOVENSA's Conduct does not Rise to the Level of Intentional Infliction of Emotional Distress.

Plaintiff cannot prove at trial any alleged conduct by HOVENSA which could possibly rise to the level of outrageousness necessary to support a claim for an emotional distress tort. To prevail on a claim for intentional infliction of emotional distress, the defendant must be "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another...." The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Manns*, 960 F. Supp. at 930 (citing RESTATEMENT (SECOND) TORTS §46 (1977); *see also Williams v. Guzzardi*, 875 F.2d 46, 52 (3d Cir. 1989); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979) (in banc); *Bougher v. University of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989).

Comment d to Section 46 of the Restatement provides that

> liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community

*See also Heywood v. Cruzan Motors, Inc.*, 792 F.2d 367, 371-72 (3d Cir. 1986). To prove intentional infliction emotional distress, plaintiff must proffer conduct "so outrageous that no reasonable person in a civilized society would be expected to endure it." *Petersen v. First*

13

*Federal Savings and Loan Ass'n.*, 21 V.I. 429, 434 (D.V.I. 1985) (quoting *Moolenaar v. Atlas Motor Inns, Inc.*, 616 F.2d 87, 89 (3d Cir. 1980)); *Pemberton Sales & Serv. v. Banco Popular de P.R.*, 877 F. Supp. 961, 967 (D.V.I. 1994).

Plaintiff has not alleged and cannot proffer any evidence tending to show that HOVENSA's "conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." As noted *supra*, HOVENSA provided Plaintiff with easily accessible safety equipment and training for which she failed to take advantage. Plaintiff alone is responsible for her alleged injuries. There is nothing outrageous or atrocious in HOVENSA's actions.

**V.      Plaintiff's Negligent Infliction of Emotional Distress Fails as Negligence Claims are Barred and Plaintiff has Failed to Provide any Evidence to Support a Claim for Personal Injury.**

An employee may only recover damages against their employer if they can prove that the employer intended to harm them with an "actual, specific and deliberate intention to injure [her]" or they are subject to the worker's compensation bar. *Ferris v. V.I. Industrial Gases, Inc.* 23 V.I. 183 (Terr. C. 1987); *Eddy v. V.I. Water & Power Auth.,* 369 F.3d 277, 233 (3d Cir. 2004) ("the intentional tort exception to the exclusivity remedy provision of the WCA is limited to situations in which the employer had an actual, specific and deliberate intention to cause injury"). Since negligent infliction of emotional distress is not an intentional tort, it is barred by the WCA.

In addition, Plaintiff fails to state a claim for negligent infliction of emotional distress in that she has failed to set forth any physical injury suffered because of HOVENSA's alleged

14

conduct. Physical injury is also a required element of a claim for negligent infliction of emotional distress in the Virgin Islands. *See Anderson v. Government of Virgin Islands,* 180 F.R.D. 284, 286 (D.V.I. 1998); RESTATEMENT (SECOND) OF TORTS §313. Since Plaintiff can offer no evidence of any physical injury resulting from any alleged negligent infliction of emotional distress based upon the actions of HOVENSA, her claim fails as a matter of law.

## VI. Plaintiff Cannot Prove, at Trial, that HOVENSA Acted Outrageously, with Evil Motive, or with Reckless Indifference to the Rights of Others to Support a Claim for Punitive Damages.

The Restatement (Second) of Torts §908 provides when and why punitive damages may be awarded against a defendant. It states, in pertinent part:

> (1) Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and other like him from similar conduct in the future.
>
> (2) Punitive damages may be awarded for conduct that is *outrageous*, because of the defendant's *evil motive* or his *reckless indifference to the rights of others*.

RESTATEMENT (SECOND) OF TORTS §908 (emphasis added).

The Restatement further elaborates on what qualifies as outrageous conduct in comment (b), which states:

> these damages can be awarded *only* for conduct for which this remedy is appropriate--which is to say, *conduct involving some element of outrage similar to that usually found in crime. The conduct must be outrageous, either because the defendant's acts are done with an evil motive or because they are done with reckless indifference to the rights of others*…. Punitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

RESTATEMENT (SECOND) TORTS §908, cmt. b [emphasis added]; *Vitalis v. Sun Constructors, Inc.,*

15

2012 U.S. App. LEXIS 10951 (3d Cir. May 31, 2012) (unpublished) (finding no facts demonstrating malicious or outrageous conduct; or that defendants acted with a reckless indifference to Plaintiff's civil rights; or any other extraordinary conduct that would permit a reasonable jury to award punitive damages).

The Third Circuit in *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 144 (3d Cir. 1999), upheld the District Court's decision refusing to award punitive damages. In *Durham,* the evidence at trial established when new management took over, they resented the plaintiff for being a successful woman, undermined her, humiliated her with sexist remarks, made crude sexual advances, and stripped her of the support she needed to do her job, which had been a negotiated condition of her employment at Durham. *Id.* When defendant took away her private office and critical files disappeared, plaintiff resigned. *Id.*

First, there is no credible evidence or testimony as to any ***evil motive or outrageous behavior*** on the part of HOVENSA. There is no credible evidence or testimony that Plaintiff's alleged injury was anything other than her own fault or any testimony that HOVENSA inflicted Plaintiff's alleged injuries maliciously or wantonly, and with indignation. As noted *supra*, Plaintiff failed to report the sexual harassment and when she did, it stopped. In addition, HOVENSA provided Plaintiff with easily accessible safety equipment and training for which she failed to take advantage. Plaintiff alone is responsible for any alleged injuries or damages.

Second, in applying section 908(2) of the Restatement (Second) of Torts, the Court has previously stated that such conduct to support an award of punitive damages must be shown by clear and convincing evidence. *Dunn v. HOVIC*, 1 F.3d 1371, 1374 (3d Cir. 1993); *Acosta v. Honda Motor Co.*, 717 F.2d 828, 839 (3d Cir. 1983). Plaintiff will be unable to meet this burden

at trial.

Third, Plaintiff's claim for punitive damages cannot exist in the absence of a separate, underlying theory of liability. *See Raab v. Keystone Ins. Co.*, 412 A.2d 638, 639 (Pa. 1980); *Pociask v. KDI Sylvan Pools, Inc.*, 1989 WL 138897, *3 (E.D. Pa. 1989); *Berroyer v. Hertz*, 672 F.2d 334, 340 (3d Cir. 1982) (*citing* RESTATEMENT (SECOND) TORTS § 908, cmt. b. Since Plaintiff will be unable to prove her claims at trial, her claim for punitive damages also fails.

## VII. Conclusion

As demonstrated by HOVENSA herein, Plaintiff will be unable to offer any evidence at trial demonstrating that HOVENSA is liable for her alleged injuries or damages.

Respectfully submitted,

Bryant Barnes & Blair, LLP
Attorneys for HOVENSA, L.L.C.

Dated: September 28, 2012     By:     s/ Sunshine S. Benoit
Sunshine S. Benoit
V.I. Bar No. 967
1134 King Street, 2nd Floor
Christiansted, VI 00820
Tel: 340-773-2785 / Fax: 340-773-5427
sbenoit@bryantbarnes.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September 2012, I electronically filed the foregoing **HOVENSA L.L.C.'s Trial Brief** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

**Lee J. Rohn, Esq.**
Lee J. Rohn & Associates, LLC
1101 King Street
Christiansted, St. Croix 00820

s/ Sunshine S. Benoit_____(lh)

17