IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JOSE ILLARAZA                       :          CIVIL ACTION
                                    :
              v.                    :
                                    :
HOVENSA LLC                         :          NO. 07-125

------------------------------

LUIS ILLARAZA                       :          CIVIL ACTION
                                    :
              v.                    :
                                    :
HOVENSA LLC                         :          NO. 08-59


MEMORANDUM

Bartle, J.                                      September 24, 2014

        Before this court is the motion of defendant HOVENSA,

LLC ("HOVENSA") to strike the notice of appearance of

plaintiffs' attorney Lee J. Rohn and for sanctions against her.

        In these consolidated civil actions, plaintiffs Jose

Illaraza and Luis Illaraza,[1] two brothers, have sued defendant

HOVENSA for wrongful discharge, slander and defamation *per se*,

tortious interference with contractual relationship, abuse of

process, malicious prosecution, and intentional or negligent

infliction of emotional distress.  Luis Illaraza has also

asserted a claim against HOVENSA for false imprisonment.

_____

1.  There is some confusion about the proper spelling of the
last name of the plaintiffs, even in their own filings.  For the
sake of consistency, we adopt the spelling used by Judge Wilma
A. Lewis in her memorandum opinion of March 31, 2012.  See
Illaraza v. HOVENSA, LLC, Nos. 07-125 & 08-59, 2012 WL 1154446
(D.V.I. Mar. 31, 2012).

Plaintiffs also sued their employer Anthony Crane International ("ACI"), as well as their union United Steelworkers of America ("Steelworkers"). The claims against ACI have now been dismissed and summary judgment has been granted in favor of the Steelworkers. As a result, only plaintiffs' claims against HOVENSA remain.

These consolidated cases arise out of an incident in which plaintiffs, along with ACI foreman Nelven Noelien, were arrested for stealing an air conditioning unit from the HOVENSA oil refinery on St. Croix. ACI is a company which performed work at the refinery. The charges against plaintiffs were ultimately dismissed without prejudice, while Noelien pleaded guilty to possession of stolen property. Of particular relevance to defendant's pending motion is Noelien's alleged statement to an HOVENSA official that plaintiffs knew about and assisted in the alleged theft of the air conditioning unit.

On March 11, 2011, defendant ACI, before its dismissal, moved to disqualify plaintiffs' counsel Lee J. Rohn and her firm. In support of its motion, ACI pointed out that Ms. Rohn had represented Noelien in the criminal case in which he was charged with the theft of the air conditioning unit. ACI noted that plaintiffs were supporting their defamation claims against ACI by relying on the false statement they claimed

Noelien, an ACI employee, had made about their participation in the crime.[2]

On May 4, 2011, Magistrate Judge George W. Cannon, Jr. issued an order granting ACI's motion. Illaraza v. HOVENSA, LLC, Nos. 07-125 & 08-59 (D.V.I. May 4, 2011). He disqualified Ms. Rohn and her firm from representing either or both plaintiffs "in the above-captioned matter." Id. The Magistrate Judge reasoned that Ms. Rohn had run afoul of Rule 1.9(a) of the Model Rules of Professional Conduct, which states:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that

---

2.   To support their claims *against HOVENSA*, plaintiffs have asserted that Noelien never made any statement implicating them in the alleged theft. However, before their defamation claim against ACI was dismissed, plaintiffs supported that claim in part by maintaining that Noelien, an ACI employee, *had* made the statement in question. Plaintiffs' apparently contradictory positions with respect to Noelien's alleged statement are striking. For example, on February 28, 2011, each plaintiff filed an opposition to HOVENSA's motions for summary judgment in which each in his counter statement of facts denied that Noelien had made any such statement. See Resp. to HOVENSA's Statement of Undisputed Facts in Supp. of Motion for Summ. J. and Pl. Jose Illaraza's Counter Statement of Facts at 69-71, Illaraza v. HOVENSA, Nos. 07-125 & 08-59 (D.V.I. Feb. 28, 2011); Resp. to HOVENSA's Statement of Undisputed Facts in Supp. of Mot. for Summ. J. and Pl. Luis Illaraza's Counter Statement of Facts at 63-65, Illaraza (D.V.I. Feb. 28, 2011). *The same day*, plaintiff Luis Illaraza filed an opposition to ACI's statement of undisputed facts in support of its motion for summary judgment. In that opposition, he stated that Noelien had implicated him in the alleged theft and argued that his statement supported a defamation claim. Luis Illaraza's Resp. to Def. Anthony Crane International, L.P.'s Statement of Undisputed Facts at 31-32, Illaraza (D.V.I. Feb. 28, 2011).

> person's interests are materially adverse to
> the interests of the former client unless
> the former client gives informed consent,
> confirmed in writing.

Model Rules of Prof'l Conduct R. 1.9(a) (1987).  The Magistrate Judge ruled that these actions were "substantially related" to the matter in which Ms. Rohn had represented Noelien and that Noelien's interests were "materially adverse" to those of plaintiffs.  Id.  On March 31, 2012, District Judge Wilma A. Lewis affirmed the Magistrate Judge's order, with a supporting opinion echoing the reasoning of the Magistrate Judge.  Illaraza v. HOVENSA, LLC, Nos. 07-125 & 08-59, 2012 WL 1154446 (D.V.I. Mar. 31, 2012).  She stated that "the disqualification of Attorney Rohn and her firm from representation of Plaintiffs in this matter was appropriate."  Id.

In their opinions, the Magistrate Judge and the District Judge pointed specifically to plaintiffs' reliance on Noelien's alleged defamatory statement against them and to Noelien's denial of having made the statement.  As a result, the Magistrate Judge and the district court concluded that a conflict of interest existed between Ms. Rohn's current and former clients, and Ms. Rohn's disqualification from the matter was justified.  Illaraza, Nos. 07-125 & 08-59 (D.V.I. May 4, 2011); id., 2012 WL 1154446 (D.V.I. Mar. 31, 2012).

-4-

On August 22, 2012, the court granted the motion of ACI to dismiss both actions against it with prejudice.  A month and a half later, on October 4, 2012, and without leave of court, Ms. Rohn re-entered her appearance on behalf of plaintiffs.  It is her re-entry of appearance, after being disqualified in these very cases, that precipitates the present motion to disqualify her.

Ms. Rohn asserts that any potential conflict of interest disappeared with ACI's dismissal.  While Noelien's alleged statement had served as a basis for plaintiffs' defamation claim *against ACI*, Ms. Rohn now asserts that his statement was never made and thus is no longer in issue with regard to plaintiffs' defamation claim against HOVENSA.  The problem with this line of reasoning is that there is evidence in the record that Noelien uttered the statement.

In defending against plaintiffs' claims, HOVENSA has consistently relied on the existence of the alleged statement. It is HOVENSA's position that this statement provides a legitimate basis for its refusal to permit plaintiffs to enter HOVENSA's property following the alleged theft.[3]  HOVENSA has

---

3.  Although plaintiffs continue to pursue a wrongful termination action against it, HOVENSA has maintained that it cannot be liable for wrongful termination because ACI, and not HOVENSA, was plaintiffs' employer.  Aside from the investigation of the alleged theft, HOVENSA asserts that the only action it took against plaintiffs was to bar them from its property.

-5-

also maintained in response to the malicious prosecution claims that what Noelien allegedly said provided a good-faith basis for its actions.

Plaintiffs further contend that HOVENSA's employees, and not Noelien, have defamed them and that HOVENSA is liable. HOVENSA responds that the statements of its employees about plaintiffs' involvement in the alleged theft were based on the statement originating with Noelien. As a consequence, HOVENSA contends that its employees' remarks do not constitute defamation for which it bears any responsibility.

In sum, Noelien's alleged statement about plaintiffs' participation in the theft of the air conditioner is still very much in play in these cases. Noelien has specifically refused to waive any conflict. As a result, Ms. Rohn, in representing plaintiffs, is in an impossible situation. Examination or cross-examination of Noelien could easily be in the best interests of her clients. However, her prior representation of and obligations to Noelien would preclude her from doing so. In addition, it would clearly violate her duty to plaintiffs for her to decide now not to question Noelien in order to try to cure the conflict.

We note that granting HOVENSA's motion will not leave plaintiffs without counsel, because both plaintiffs are already adequately represented by attorney Eszart A. Wynter. Initially,

Mr. Wynter represented plaintiff Jose Illaraza, while Ms. Rohn represented plaintiff Luis Illaraza.  Ms. Rohn entered her appearance on behalf of Jose Illaraza on March 15, 2010. Following Ms. Rohn's disqualification in 2011, Mr. Wynter entered his appearance on behalf of Luis Illaraza.  He has represented both plaintiffs from that point forward, even after Ms. Rohn re-entered her appearance on behalf of both plaintiffs following ACI's dismissal from this matter.

Accordingly, we adopt the well-reasoned opinions of Magistrate Judge Cannon and Judge Lewis with respect to the conflict of interest arising from Ms. Rohn's current representation of plaintiffs and her prior representation of Noelien.  There is no merit to Ms. Rohn's argument that the dismissal of ACI from this action eliminates any such conflict under Rule 1.9(a) of the Model Rules of Professional Conduct.

HOVENSA also seeks sanctions against Ms. Rohn under 28 U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

HOVENSA argues that we should sanction Ms. Rohn under § 1927 on the basis that she has "unreasonably and

-7-

vexatiously engaged in conduct that multiplied the proceedings and, thereby, increased the costs of the litigation."  In doing so, HOVENSA relies on In re Prudential Insurance Co. American Sales Practice Litigation Agent Actions, 278 F.3d 175 (3d Cir. 2002).  There, the Court of Appeals concluded that the district court had not abused its discretion by imposing § 1927 sanctions against an attorney who had "multiplied the proceedings at nearly every turn."  278 F.3d at 190.  Specifically, that attorney had filed numerous allegedly baseless motions, including a recusal motion, an emergency motion to vacate a fee examiner's appointment, and two identical sanctions motions, and made multiple requests upon Class Counsel to synthesize and/or summarize discovery materials for him. Id.

While Ms. Rohn's re-entry of appearance is without merit and we do not condone her conduct especially in light of the District Court's order disqualifying her from this matter, we are unable to conclude, as HOVENSA asks us to do, that her conduct "unreasonably and vexatiously ... multiplied the proceedings" and substantially increased the costs of litigation.  In its motion, HOVENSA makes general reference to Ms. Rohn's alleged pattern of "ignor[ing] the Court's orders

disqualifying her from this action," but ultimately asks us to impose sanctions against her on the basis of a single filing – her notice of appearance on October 4, 2012.  We cannot say that by this filing Ms. Rohn has "multiplied the proceedings at nearly every turn" in the sense contemplated by the Court of Appeals.  See id.  Ms. Rohn's conduct may be properly criticized, but it does not justify sanctions under § 1927.  Nonetheless, should Ms. Rohn again enter her appearance or participate in this litigation, we reserve the right to impose appropriate sanctions.

HOVENSA also mentions, without discussion, the court's inherent power to impose monetary or non-monetary sanctions.  We decline to exercise any such power in this instance.

Accordingly, HOVENSA's motion to strike Ms. Rohn's October 4, 2012 notice of appearance will be granted.  HOVENSA's motion for sanctions against Ms. Rohn will be denied.