**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| IVY GAUTIER-JAMES, ) | |
| ) | |
|         **Plaintiff,** ) | |
|     **v.** ) | |
| ) | **Civil Action No. 2006-106** |
| HOVENSA, L.L.C., ) | |
| ) | |
|         **Defendant.** ) | |
|     ) | |

**Attorneys:**
**Lee Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Carl A. Beckstedt, III, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff Ivy Gautier-James' "Response to Court's Order Entered March 12, 2021" (Dkt. No. 420); Defendant Hovensa, LLC's "Memorandum of Law in Response to Court Order [Dated] March 12, 2021" (Dkt. No. 421); and Defendant's "Reply to Plaintiff's Memorandum Regarding the Court Retaining Pendent Jurisdiction Over Plaintiff's Local Claims and Applying Federal Rules of Procedure to Discovery Rulings" (Dkt. No. 422). For the reasons set forth below, the Court will decline to exercise supplemental jurisdiction over Plaintiff's local claims and will dismiss the claims.

### I.  BACKGROUND

On August 8, 2006, Plaintiff filed a Complaint against Defendant alleging sexual harassment and personal injury associated with incidents that occurred while employed by Defendant. (Dkt. No. 1). On April 12, 2008, Plaintiff filed a First Amended Complaint alleging

violations of Title VII of the Civil Rights Act of 1964 in Count I and violations of local law in Counts II-VI. (Dkt. No. 48-2). The Court had original jurisdiction over Plaintiff's federal claim and supplemental jurisdiction over her claims alleging violations of local law. After extensive discovery, and the filing of several Motions in Limine (*see, e.g.*, Dkt. Nos. 277, 282, 284) and Defendant's Motion for Summary Judgment (Dkt. No. 190), Defendant notified the Court that it had filed for bankruptcy on September 15, 2015 (Dkt. No. 389). The case was stayed on September 21, 2015 (Dkt. No. 390), and an Order Lifting Stay was entered on October 26, 2018. (Dkt. No. 399).

Plaintiff requested to reopen discovery on November 9, 2020 on the grounds that the expert report on Plaintiff's physical condition, which was filed before Defendant filed for bankruptcy in 2015, must be updated to reflect the alleged worsening of Plaintiff's condition. (Dkt. No. 407 at 2-3). Plaintiff further asserts that additional discovery may be required depending on the Court's ruling on pending Motions in Limine. *Id*. at 3. Both parties have also requested a briefing schedule to submit dispositive motions. (Dkt. Nos. 407, 409).

The Court held a status conference on March 11, 2021 to discuss the path forward for this matter. During the status conference, both parties agreed that due to significant changes in the law since the filing of Defendant's Motion for Summary Judgment, the Motion was now moot. Further, Plaintiff represented to the Court that she planned to voluntarily dismiss Count I of her First Amended Complaint, thus leaving only alleged violations of local law. In accordance with an Order (Dkt. No. 414) entered by the Court on March 12, 2021, addressing the issues discussed at the status conference, the parties filed a Stipulation for Dismissal of Count I of the First Amended Complaint (Dkt. No. 416), which the Court accepted (Dkt. No. 419). Because only claims under local law remained thereafter, the parties—as directed by the Court's March 12 Order—filed

memoranda addressing, inter alia, whether this Court should retain jurisdiction over the matter. (Dkt. Nos. 420, 421, 422).

Plaintiff argues that the pendant state claims should be dismissed because the Court is no longer exercising original jurisdiction over any federal claims and there are no concerns of judicial economy, convenience, or fairness that would weigh in favor of the Court retaining jurisdiction of her local claims. (Dkt. No. 420 at 6). Plaintiff also argues that her sexual harassment claim under the Virgin Islands Civil Rights Act is novel because the law on this issue is not yet established in the Virgin islands, and thus this Court should defer to the local courts for adjudication of the claim. *Id*. at 7. Defendant argues that the Court should retain supplemental jurisdiction over Plaintiff's local claims because they have been pending for nearly fifteen years, the discovery period concluded in 2012, and the case was set for trial. (Dkt. No. 421 at 5). Defendant states that if the Court were to dismiss this matter, "there would be an enormous cost to the litigants and a waste of judicial resources expended by the district court." *Id*. Defendant also argues that although there is no local precedential case law addressing Plaintiff's sexual harassment claim, the claim is not so complex that this Court is unable to adjudicate it. (Dkt. No. 422 at 4-5).

As discussed below, the Court will decline to exercise supplemental jurisdiction over Plaintiff's local claims and will dismiss the claims.

## II. APPLICABLE LEGAL PRINCIPLES

Title 28 U.S.C. § 1367 states that the federal courts "shall have supplemental jurisdiction" over claims which are "part of the same case or controversy" as a claim over which the court exercises original jurisdiction. 28 U.S.C.A. § 1367(a). Subsection (c) of the statute provides, however, that a district court may, in its discretion, decline to exercise jurisdiction if "the district

3

court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). The United States Supreme Court has explained:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The Third Circuit has held that supplemental jurisdiction "should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.'" *Shaffer v. Bd. of Sch. Dirs. of the Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976)). "[W]here the claim over which the district court has jurisdiction is dismissed before trial, the district court must decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Title 28 U.S.C. § 1367(c)(1) also states that a district court may, in its discretion, decline to exercise supplemental jurisdiction over a local claim if "the claim raises a novel or complex issue of State law." *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003) ("The need to resolve these issues [of local law] weighs in favor of declining supplemental jurisdiction.") (citing 28 U.S.C. § 1367(c)(1)).

### III.     DISCUSSION

When considered in isolation, the fact that this case has been pending since 2006 might suggest that the Court should exercise supplemental jurisdiction over the remaining local claims notwithstanding that the only federal claim has now been voluntarily dismissed. However, when the circumstances are considered in their totality, the Court concludes, for the following reasons,

4

that the exercise of supplemental jurisdiction is not warranted, and the local claims should therefore be dismissed.

First, Plaintiff raises a claim of sexual harassment in violation of the Virgin Islands Civil Rights Act ("VICRA"). However, the legal standards that govern such claims under Virgin Islands law has not yet been established. *See Davis v. Dawgs of St. John, Inc.*, No. 3:20-cv-0112, 2022 U.S. Dist. LEXIS 226711, at *46 (D.V.I. Dec. 16, 2022) ("The Court is unable to locate any Virgin Islands Supreme Court or Superior Court opinion that identifies the allegations necessary to maintain a sex discrimination and/or sexual harassment claim under the Virgin Islands Civil Rights Act . . . ."). Thus, as Plaintiff argues, the sexual harassment claim raises a novel issue of law that this Court should decline to hear. *See De Asencio*, 342 F.3d at 311 ("The need to resolve these [two novel issues of state law], which are better left to the [] state courts, weighs in favor of declining supplemental jurisdiction."); *see also Warner v. Orleans Home Builders, Inc.*, 550 F. Supp. 2d 583, 590 (E.D. Pa. 2008) (declining to exercise supplemental jurisdiction over local claims after finding that the case presented an issue of state law that the state court had yet to address and the resolution of the issue was better left to state courts).

Defendant concedes that there is no Virgin Islands case law regarding sexual harassment under VICRA, but argues that the issue is not so complex that this Court is unable to apply VICRA to Plaintiff's claims. (Dkt. No. 422 at 3-5). While it is true that this Court often encounters and addresses novel local law claims, it does so in the context of cases—unlike here—that also present federal claims for adjudication. Where, as here, there is no longer a federal claim, principles of comity counsel in favor of allowing the local courts to address the novel issue. *See Borenstein McConnell & Calpin, P.C. v. Bank of Am. Corp.*, No. 2:13-03039, 2014 U.S. Dist. LEXIS 2520, at *25 (D.N.J. Jan. 8, 2014) ("decision of these matters would unnecessarily involve this Court in

deciding these novel . . . issues of state law. Comity counsels against such action.").[1] Indeed, the reason for declining to exercise jurisdiction based on the novelty of the issue is even more compelling here in light of the fact that the Supreme Court of the Virgin Islands has cautioned courts against the use of jurisprudence developed under federal law to interpret VICRA. *See Rennie v. Hess Oil Virgin Islands Corporation*, 62 V.I. 529, 550 (V.I. 2015) ("it is not appropriate to apply [federal guidance for] statutory construction to interpret acts of the Virgin Islands Legislature."). Simply stated, the novel sexual harassment issue included among Plaintiff's local claims is a factor that weighs strongly in favor of declining to exercise supplemental jurisdiction over Plaintiff's local claims under the circumstances here.[2]

---

[1] Defendant argues that Plaintiff's VICRA claims are not too complex for this Court to adjudicate and cites *Kantz v. Univ. of the V.I.*, No. 2008-0047, 2016 U.S. Dist. LEXIS 65973 (D.V.I. May 19, 2016) as an example in which this Court exercised supplemental jurisdiction over a claim under local law asserting violations of VICRA's prohibition against race discrimination. (Dkt. No. 422 at 4-5). However, the analogy is inapt for purposes of convincing the Court that it should retain jurisdiction over the purely local claims. Unlike here, the Court in *Kantz* was adjudicating federal claims together with the local claims—and not solely local claims. Moreover, *Kantz* did not raise a novel legal issue, as the Supreme Court of the Virgin Islands had addressed and applied the analytical framework for claims of race discrimination under VICRA. *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 551-53 (2015); *Kantz v. Univ. of the V.I.*, No. 08-47, 2018 U.S. Dist. LEXIS 200595, at *10-12 (D.V.I. Nov. 26, 2018). One might conclude that the same general analytical approach applies in the sexual harassment context. Nonetheless, uncertainty still exists because, unlike in the race discrimination context that *Rennie* addressed, there is no Virgin Islands Supreme Court (or Superior Court) case that interprets and applies the sexual harassment statute to the facts of a case. Thus, the issue here is indeed novel and counsels in favor of adjudication in the local court. In the final analysis, the Court is not saying that it *cannot* adjudicate the issue; it is saying that it *should not* do so under the circumstances here.

[2] While not binding on this Court, it is worthy of note that the Second Circuit has gone so far as to conclude that it is an abuse of discretion for a district court to exercise supplemental jurisdiction over novel state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006) ("We have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims.").

Second, the current status of this matter also suggests that this Court should decline to exercise supplemental jurisdiction. Plaintiff has requested that discovery be reopened in part to submit an expert report that reflects Plaintiff's allegedly worsened physical condition and to conduct depositions of experts whose admissibility is disputed by the parties in pending Motions in Limine. (Dkt. Nos. 204, 225, 264, 288, 297). The parties also acknowledge that changes have occurred in the law, thus rendering Defendant's Motion for Summary Judgment moot and necessitating a new briefing schedule for dispositive motions. With both factual and legal issues needing to be further addressed, the case remains in the developmental stage, notwithstanding that it was previously close to trial before Defendant filed for bankruptcy in 2015.

Indeed, courts have declined to exercise supplemental jurisdiction even at later stages of litigation than exists here, including after the summary judgment phase. *See Guzzo v. Volt Mgmt. Corp.*, No. 1:19-CV-01360, 2022 U.S. Dist. LEXIS 5238, at *5 (M.D. Pa. Jan. 10, 2022) ("the principle that the court should not exercise supplemental jurisdiction over state-law claims when all the federal claims over which the court had original jurisdiction have been dismissed . . . applies even after the parties have conducted discovery or litigated motions for summary judgment."); *see also Motylinski v. Glacial Energy (VI), LLC*, No. 3:13-cv-0127, 2021 U.S. Dist. LEXIS 167769, at *30-32 (D.V.I. Sep. 3, 2021) (declining to exercise supplemental jurisdiction over remaining local claims after nearly eight years of litigation because the court dismissed on summary judgment the existing federal claims over which it had original jurisdiction); *MCF Servs., Inc. v. Ernest Bock & Sons*, No. 05-1115, 2007 WL 4355388, at *4-5 (E.D. Pa. Dec. 22, 2007) (declining to exercise supplemental jurisdiction even though "discovery is completed, and the parties have briefed and argued Defendants' motion for summary judgment" because a showing of extraordinary circumstances had not been made and comity favored allowing the state court to hear the state law

7

claims). And the Third Circuit has affirmed decisions in which courts have declined to exercise supplemental jurisdiction at these late stages of litigation. *See Kach v. Hose*, 589 F.3d 626 (3d Cir. 2009) (finding no error where District Court declined to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment on all federal claims); *see also Combs v. Homer-Center Sch. Dist.*, 540 F.3d 231, 254 (3d Cir. 2008) ("Because all federal issues have been decided on summary judgment and since [Plaintiffs'] claim raises a novel and potentially complex issue of State law, we will decline to exercise supplemental jurisdiction over [Plaintiffs'] pendent state law claim.").

Defendant's contention that dismissal of this matter by this Court would result in "enormous cost to the litigants and a waste of judicial resources expended by the district court" (Dkt. No. 421 at 5) does not alter this Court's conclusion. While the parties have engaged in extensive discovery, the cost expended is not wasted because the discovery can be used in the local proceedings. *See Annulli v. Panikkar*, 200 F.3d 189, 203 (3d Cir. 1999) ("Although [Plaintiff] has spent a great deal of time engaged in discovery, as the Defendants point out, [Plaintiff] can use this evidence to pursue his state law claims . . . ."); *see also MCF Servs., Inc.*, 2007 WL 4355388, at *4 (stating after declining to exercise supplemental jurisdiction that "the parties here can use the evidence gained in their discovery to pursue state law claims pending in state court."). Moreover, the Third Circuit has "emphasized in the past that time already invested in litigating the . . . action is an insufficient reason to sustain the exercise of pendent jurisdiction." *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984); *see also City of Pittsburgh Comm'n on Human Rels. v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) ("substantial time devoted to the case and expense incurred by the parties [do] not constitute extraordinary circumstances. We have reiterated this principle on several occasions.").

Further, it is true that courts have exercised supplemental jurisdiction in the interest of judicial economy where the court has already expended significant resources in adjudicating the matter. *See, e.g., Stewart v. Emmons*, No. 12-1509, 2014 U.S. Dist. LEXIS 126615, at *6-7 (E.D. Pa. Sep. 9, 2014) (exercising supplemental jurisdiction over state law claims based on judicial economy after dismissing federal claims because, inter alia, the court had already committed substantial resources to the matter by deciding several motions to dismiss and two motions for summary judgment, and had "developed extensive knowledge of this matter."); *Levine v. Voorhees Bd. of Educ.*, No. 07-1614, 2009 U.S. Dist. LEXIS 68805 (D.N.J. Aug. 6, 2009) (retaining jurisdiction over state claims based on judicial economy in case that involved "numerous motions, countless letters and affidavits, numerous in-person conferences (both formal and informal), over fifty Court Orders and/or Opinions, and three appeals of the decisions of the Magistrate Judge;" and "[t]he amount of judicial resources and energy that has gone into each one of these motions cannot be overstated."). However, such cases stand in stark contrast to this one where the extent of the Court's involvement has been to coordinate discovery, manage scheduling, and resolve evidentiary disputes. The Court has yet to rule on any matters reaching the merits of the case. For these reasons, considerations of judicial economy do not weigh in favor of retaining jurisdiction over the local claims. *See Brathwaite v. City of Long Branch*, No. 3:19-cv-18332, 2023 U.S. Dist. LEXIS 70211, at *11 (D.N.J. Apr. 20, 2023) (declining to exercise supplemental jurisdiction in part where "no resources have been devoted by the Court in considering the merits of Plaintiff's state law claims (or any claims) as this is the first motion and ruling in this case. . . ."; *Guzzo*, 2022 U.S. Dist. LEXIS 5238, at *6-7 (declining to exercise supplemental jurisdiction over state claim because "the court has not expended judicial resources addressing the merits of the [state] claim."); *Lewis v. N.J. Dep't of Children & Fams., the Div. of Child Prot. & Permanency*, No. 1:21-cv-

9

01671, 2022 U.S. Dist. LEXIS 150970, at *9 (D.N.J. Aug. 23, 2022) (declining to exercise supplemental jurisdiction over state claims in part because the court never reached the merits of the case and thus did not expend substantial judicial resources on the matter).

In sum, the Court finds that there are no extraordinary circumstances that warrant the Court's exercise of supplemental jurisdiction under the circumstances here. Nor do "circumstances of judicial economy, convenience, [or] fairness to the parties provide an affirmative justification for doing so." *Borough*, 45 F.3d at 788.

### IV. CONCLUSION

In view of the foregoing, the Court declines to exercise supplemental jurisdiction over Plaintiff's local claims. Because the local claims are the only claims remaining in this action, the case will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

Date: July 12, 2023  _____/s/_____
WILMA A. LEWIS
District Judge